## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ELTON TOPPS,

                    Plaintiff,

-vs-                                                             Case No.   2:07-cv-320-FtM-SPC

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____

## **ORDER**

This matter comes before the Court on Amended Unopposed Plaintiff's Attorney's Motion for Fees (Doc. #25) filed on May 26, 2011.  Pursuant to M.D. Fla. Local Rule 3.01(g), the Plaintiff conferred with Defense Counsel, who does not oppose the requested relief.

The Plaintiff in this cause sought judicial review of the Commissioner's denial of Social Security benefits. This cause was remanded pursuant to 42 U.S.C. 405(g), sentence four by Order dated September 2, 2008 (Doc. #23).   Thereafter, on October 20, 2008, the Appeals Council remanded the case to an Administrative Law Judge for further proceedings.  On January 2, 2010, the ALJ issued a fully favorable decision based on the evidence of record.  On March 2, 2010, an SSI Notice indicated the Plaintiff was due $40,996.00 in back SSI payments.  On March 11, 2010, an SSI Notice indicated that the back SSI payments due were $41,670.00.  On March 30, 2010, a Notice of Award was issued, wherein a back benefit amount from August 2004 to February 2010 had not yet been calculated.  A Notice of Award dated March 30, 2010, provided for attorneys' fees at the administrative level in the amount of $6,000.00.

Under the terms of the contingency fee agreement Atty. Kushner would receive fees amounting to twenty-five (25%) of the Plaintiff's recovery. Contingency fee agreements are not precluded by 42 U.S.C. § 406(b), as long as the percentage to be paid in fees is equal to or less than twenty-five percent (25%) of the Plaintiff's recovery. Gisbrecht v. Barnhart, 535 U.S. 789, 789, 122 S. Ct. 1817, 152 L. Ed. 996 (2002) (citing 42 U.S.C. § 406(b)(1)(A)(holding that "[a]n attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment 'a reasonable fee... not in excess of 25 percent of the past-due benefits' awarded to the claimant."). "The fee is paid out of the judgment and not in addition to the amount of the past due benefits." Gisbrecht, 535 U.S. at 789.

"Most plausibly read, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Id. at 791. "Rather, § 406(b) calls for court review of such arrangements to assure that they yield reasonable results in particular cases." Id. "Within the 25 percent boundary Congress provided, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id.  "Courts have reduced the attorney's recovery based on the character of the representation and the results the representative achieved." Id.  "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. "And if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." Id.

In this instance, the Plaintiff was awarded $41,670.00 in retroactive benefits. Atty. Kushner has not received EAJA fees in this case, but has received $6,000 in attorney's fees at the administrative level. He now moves the Court for $4,000 in attorney's fees which would bring the

total fee for all work at the administrative and federal level to $10,000.00, which is approximately twenty-five percent (25%) of the Plaintiff's benefit recovery. Based upon the standards set forth by the <u>Gisbrecht</u> Court, this Court finds that the Plaintiff's Counsel's fee is reasonable for the amount of time and effort devoted to this case over a period of several years including time spent representing the Plaintiff throughout the appeals process.

Accordingly, it is now

**ORDERED:**

Amended Unopposed Plaintiff's Attorney's Motion for Fees (Doc. #25) is **GRANTED**. The Court directs that Atty. Jonas H. Kushner, Esq. be awarded the total sum of **$4,000.00** for attorney's fees.

**DONE AND ORDERED** at Fort Myers, Florida, this   27th   day of May, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record